IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAAIYAH HANIFAH GOLDSTEIN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-1337 |
| | : | |
| THE PRESIDENT | : | |
| JOSEPH BIDEN, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**ROBRENO, J.**                                                                                                                                          June 10, 2022

Plaintiff Daaiyah Hanifah Goldstein has filed a *pro se* Complaint ("Compl.") and a Motion for Leave to Proceed *In Forma Pauperis*. (ECF Nos. 2, 1.) For the following reasons, the Court will grant Goldstein leave to proceed *In Forma Pauperis* and dismiss her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I.     FACTUAL ALLEGATIONS[1]

Goldstein names the following Defendants in her Complaint: (1) President of the United States Joseph Biden; (2) U.S. Treasury Secretary Janet Yellen; (3) U.S. Secretary of Transportation Pete Buttige [Buttigieg]; and (4) the "United States Department of Agriculture and Farming." (Compl. at 3.) Goldstein invokes federal question jurisdiction and describes the basis for jurisdiction as follows: "Indie blogger should not be retaliated against because I am not Republican or Democrat, etc., on social media and in business." (*Id.*) She claims that she was "retaliated because [she's] the non-spokesperson for any political affiliates." (*Id.* at 4.)

---

[1] The allegations set forth in this Memorandum are taken from Goldstein's Complaint. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

Goldstein also claims that she believes certain unidentified elections were misappropriated and alleges that when she was forced to relocate at some unspecified time, her voting documents were not mailed to her. (*Id.*) Goldstein alleges that the events giving rise to her claim occurred in 2012 during the Obama Administration. (*Id.*) She alleges that both the RNC and the DNC were well advised.[2] Additionally, she alleges that politicians, her lawyers, the CIA, the FBI, and former Senator Hillary Clinton were also aware of the circumstances. (*Id.*) She requests that medical records be sent from her (unidentified) lawyer's offices "as a memo into your lawyer's offices." (*Id.* at 5.) As relief, she references the Sixth Amendment and "unspecified court records." (*Id.*)

## II.  STANDARD OF REVIEW

Because Goldstein appears to be unable to pay the filing fee in this matter, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

---

[2] The Court understands Goldstein to be referring to the Republican National Committee and the Democratic National Committee.

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Goldstein is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

Goldstein alleges that she was retaliated against because of her political views but does not describe what form the retaliation took. She does not describe how the President of the United States, the Secretaries of Transportation and Treasury, or the Department of Agriculture participated in that retaliation. She does not describe when or where the retaliation took place, except to state that the events giving rise to her claim took place in 2012 during the Obama Administration. Goldstein also alleges that she believes that certain unspecified elections were misappropriated, and that there was some irregularity with her voting documents. It is unclear how the named Defendants participated in those events. The Court cannot determine the nature of the relief Goldstein seeks. In sum, the factual basis for Goldstein's claims is far from clear.

However, upon review, and considering the Court's obligation to construe pro se filings liberally, the Court liberally construes the Complaint to be attempting to assert a First Amendment retaliation claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971). *Bivens* provides a judicially recognized remedy

for constitutional violations committed by federal actors in limited circumstances.[3] Since *Bivens* was decided in 1971, the Supreme Court "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok v. United States*, 868 F.3d 189, 200 (3d Cir. 2017). The Supreme Court has recognized an implied private action against federal officials in only four cases,[4] and most recently has specifically held that no First Amendment retaliation claim is available under *Bivens*. *Egbert v. Boule*, No. 21-147, 596 U.S. \_\_ (June 8, 2022), slip op. at 14.

---

[3] Although *Bivens* provides a remedy against federal actors, "[a]n action against government officials in their official capacities constitutes an action against the United States; and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver." *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) (*per curiam*); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Ynfante v. United States*, Civ. A. No. 13-767, 2015 WL 631055, at *5 (M.D. Pa. Feb. 12, 2015) ("[A] *Bivens* claim can only be asserted against individual officials."). Although Goldstein does not state whether she is asserting her claims against the Defendants in their individual or official capacities, the Court notes that Goldstein refers to the positions held by the Defendants. To the extent this reflects Goldstein's intent to assert her claims against the Defendants in their official capacities, the claims are in essence claims against the United States that must be dismissed on sovereign immunity grounds. *See Brooks v. Bledsoe*, 682 F. App'x 164, 169 (3d Cir. 2017) (*per curiam*) ("To the extent that Brooks is suing the BOP employees in their official capacities, his claim fails as actions against prison officials in their official capacities are considered actions against the United States, and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver."); *Bell v. Rossott*, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (dismissing claim against individual federal defendants sued in their official capacity because the claims are essentially made against the United States).

[4] The Court has recognized claims in: (1) *Bivens* itself, which recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment; and (4) *Farmer v. Brennan*, 511 U.S. 825 (1994), which concerned a claim under the Eighth Amendment against prison officials for failure to protect a prisoner from violence by another prisoner. *Shorter*, 12 F.4th at 371-373 ("*Farmer* made clear[] . . . that an Eighth Amendment *Bivens* remedy is available to a transgender prisoner who has been assaulted by a fellow inmate.").

for constitutional violations committed by federal actors in limited circumstances.[3] Since *Bivens* was decided in 1971, the Supreme Court "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok v. United States*, 868 F.3d 189, 200 (3d Cir. 2017). The Supreme Court has recognized an implied private action against federal officials in only four cases,[4] and most recently has specifically held that no First Amendment retaliation claim is available under *Bivens*. *Egbert v. Boule*, No. 21-147, 596 U.S. \_\_ (June 8, 2022), slip op. at 14.

---

[3] Although *Bivens* provides a remedy against federal actors, "[a]n action against government officials in their official capacities constitutes an action against the United States; and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver." *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) (*per curiam*); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Ynfante v. United States*, Civ. A. No. 13-767, 2015 WL 631055, at *5 (M.D. Pa. Feb. 12, 2015) ("[A] *Bivens* claim can only be asserted against individual officials."). Although Goldstein does not state whether she is asserting her claims against the Defendants in their individual or official capacities, the Court notes that Goldstein refers to the positions held by the Defendants. To the extent this reflects Goldstein's intent to assert her claims against the Defendants in their official capacities, the claims are in essence claims against the United States that must be dismissed on sovereign immunity grounds. *See Brooks v. Bledsoe*, 682 F. App'x 164, 169 (3d Cir. 2017) (*per curiam*) ("To the extent that Brooks is suing the BOP employees in their official capacities, his claim fails as actions against prison officials in their official capacities are considered actions against the United States, and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver."); *Bell v. Rossott*, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (dismissing claim against individual federal defendants sued in their official capacity because the claims are essentially made against the United States).

[4] The Court has recognized claims in: (1) *Bivens* itself, which recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment; and (4) *Farmer v. Brennan*, 511 U.S. 825 (1994), which concerned a claim under the Eighth Amendment against prison officials for failure to protect a prisoner from violence by another prisoner. *Shorter*, 12 F.4th at 371-373 ("*Farmer* made clear[] . . . that an Eighth Amendment *Bivens* remedy is available to a transgender prisoner who has been assaulted by a fellow inmate.").

Accordingly, the Court concludes that Goldstein's allegations are legally baseless and must be dismissed.[5]

IV.    **CONCLUSION**

For the reasons stated, the Court will grant Goldstein's application for leave to proceed *in forma pauperis* and will dismiss the Complaint.  The Court concludes that amendment would be futile, so the dismissal will be with prejudice.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order follows.

**BY THE COURT:**

*/s/ Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**

---

[5] Additionally, even assuming that a legal basis existed to assert claims against these Defendants, the events described appear to have occurred a decade ago, and it is likely that any claim would be time-barred at this point.